# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

ANITA DEAN,               :

   Plaintiff,          :

v.                        :      CA 13-00487-C

SEARS, ROEBUCK AND CO.,   :
d/b/a SEARS ESSENTIALS; and
LAUREN HENDERSON,         :

   Defendant.          :

## MEMORANDUM OPINION AND ORDER

A Motion to Dismiss (doc. 3) and a Motion to Remand (doc. 10) have been filed in this matter, removed from the Circuit Court of Mobile County, Alabama, on October 9, 2013 (*see* doc. 10). Both motions have been fully briefed (*see* docs. 9 and 13). Although the Motion to Dismiss was filed before the Motion to Remand, (*see* docs. 3 and 10), and remains pending,

> [t]his Court's analysis [must] begin[] with the threshold jurisdictional question raised by [the] Motion to Remand. Absent federal jurisdiction, this Court lacks the power to decide [the] pending Motion to Dismiss, and must immediately remand this action to state court without reaching the question of whether Plaintiff[] ha[s] stated cognizable claims against [the] Defendants. Thus, the Court must first determine whether this action was properly removed from state court.

*Wilks v. Callahan*, Civil Action No. 08–638–CG–M, 2009 WL 2243702, at *3 (S.D. Ala. July 24, 2009) (citing *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000); *University of S. Ala. v. American Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999)); *see also Klempner v. Northwestern Mut. Life Ins. Co.*, 196 F. Supp. 2d 1233, 1242-43 (S.D. Fla. 2001) ("Although a motion to dismiss is currently pending in this Court [ ], 'a federal court must remand for lack of subject matter jurisdiction notwithstanding the presence of other motions pending before the court.'") (quoting *University of S. Ala.*, 168 F.3d at 411).

After careful consideration of the parties' briefing and the pleadings, and for the reasons discussed herein, the Motion to Remand (doc. 10) is **GRANTED**, and this matter is **REMANDED** to the Circuit Court of Mobile County.

### Magistrate Judge Jurisdiction

The parties have consented to the exercise of jurisdiction by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c), for all proceedings in this Court, (doc. 8 ("In accordance with the provisions of 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, the parties in this case consent to have a United States Magistrate Judge conduct any and all proceedings in this case, including the trial, order the entry of a final judgment, and conduct all post-judgment proceedings.")), and, consequently, the Court has referred this matter to the undersigned to conduct all proceedings, (doc. 11 ("IT IS ORDERED that this case be referred to William E. Cassady United States Magistrate Judge, to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.")).

### Background

The Plaintiff filed her Complaint (doc. 1-1) in the Circuit Court of Mobile County, Alabama, on September 5, 2013, asserting a personal injury action against the Defendants. (*Id.*) Specifically, the Plaintiff alleges that while she was walking through one of the stores of the Defendant Sears Roebuck and Co., ("Sears"), "she slipped and fell in a puddle of water on the floor of the store, thereby causing her injuries." (*Id.*, ¶¶ 5-6, 12-13.) She asserts claims of negligence and wantonness against the Defendants and alleges that they "knew or in the exercise of reasonable care should have known of the existence of the dangerous condition" that caused her injuries. (*Id.*, ¶¶ 7-8, 14-15.) The Plaintiff alleges that she sustained the following injuries:

> she was injured in and about various portions of her body, including a severe right ankle sprain that [led] to the development of right leg deep thrombosis which subsequently [led] to an acute pulmonary embolism; she was caused to suffer physical pain and mental anguish, still so suffers and will so suffer in the future; she was caused to incur and will incur in the future doctor bills, hospital bills, and other medical expenses in and about the care and treatment of her injuries; and she was permanently injured.

(*Id.*, 10, 17.) As her relief, Plaintiff seeks "general compensatory and punitive damages in excess of the jurisdictional limits of this Court plus interest and costs." (*Id.*, at 4, 6.)

Defendant Sears filed its Notice of Removal in this Court on October 9, 2013, asserting that this Court has diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332. (Doc. 1.) Sears argues that diversity jurisdiction exists because "the parties are diverse and the amount in controversy exceeds $75,000.00 exclusive of interest and costs." (*Id.*, ¶ 4.) Sears contends that its co-defendant, Lauren Henderson, was fraudulently joined to "destroy diversity and prevent removal of this action." (*Id.*, ¶¶ 6-13.) With regard to the amount in controversy, Sears argues that "it is evident that Plaintiff values the present action above the required amount in controversy" because "[she] has made a demand of $115,000.00." (*Id.* at 5.) Sears attached the Plaintiff's demand letter to its Notice of Removal. (Doc. 1-3.)

In her Motion to Remand (doc. 10), Plaintiff disputes Sears' contention that Lauren Henderson was fraudulently joined and also argues that Sears has failed to show that the amount in controversy requirement has been met. (*Id.*) With regard to the amount in controversy, Plaintiff states that her total special damages is $24,305.68, (*id.*, ¶ 22), and that her treating physician has stated that "Plaintiff has fully recovered and will likely not require any future treatment or care related to this incident," (*id.*, ¶ 24; doc. 10-1, July 12, 2013 report from Plaintiff's treating physician, Eddie Pace, M.D. ("It is my medical opinion that Ms. Dean has fully recovered from her injuries and

illnesses related to her fall. Her prognosis is excellent. Moreover, it is my opinion with a reasonable degree of medical certainty that she will not require any additional treatments, testing, physical therapy or procedures in the future related to her injury of 9/5/2011. . . . I do not see any potential long term sequela for Ms. Dean related to her fall injury.").) Plaintiff argues that her $115,000.00 settlement demand should not establish the value of this case because it "was made as a bare-bones attempt to stake out ground for the purpose of anticipated settlement negotiations." (*Id.*, ¶ 24.)

### Discussion

*The Removal Inquiry.*

"Any civil case filed in state court may be removed by the defendant to federal court if the case could have been brought originally in federal court." *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356 (11th Cir. 1996) (citing 28 U.S.C. § 1441(a)), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). And a federal court may exercise diversity jurisdiction over all civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and the action is between citizens of different states. 28 U.S.C. § 1332(a)(1). Nevertheless, "[b]ecause removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly . . . . Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court." *University of S. Ala.*, 168 F.3d at 411; *cf. D.M.C. Enters. Inc. v. Best McAllister, LLC*, Civil Action No. 10-00153-CB-N, 2010 WL 3039477, at *2 (S.D. Ala. Aug. 4, 2010) ("Because it is conferred by statute, the right of removal is strictly construed to limit federal jurisdiction.") (citing *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996)).

Therefore, the defendant must establish the propriety of removal under section 1441 and, for that reason, "bears the burden of establishing the existence of federal

jurisdiction[,]" *Brown v. Kabco Builders, Inc.*, Civil Action 07-0099-WS-C, 2007 WL 841690, at *1 (S.D. Ala. Mar. 15, 2007) (citing *Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002)), which requires that the defendant, one, establish complete diversity—that the plaintiff is diverse from the defendants, *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998) (citation omitted)—and, two, show that the amount in controversy more likely than not exceeds the $75,000 jurisdictional requirement, *see Fitzgerald v. Besam Automated Entrance Sys.*, 282 F. Supp. 2d 1309, 1314 (S.D. Ala. 2003).

In her Motion to Remand, the Plaintiff argues that Sears failed to meet both requirements. (Doc. 10.) The Plaintiff argues that Sears failed to establish diversity of citizenship because Sears did not meet its burden of demonstrating that the Plaintiff fraudulently joined Lauren Henderson, a resident of Alabama. (*Id.*, ¶¶ 10-17.) Additionally, the Plaintiff argues that Sears has not shown that the amount in controversy exceeds $75,000.00. (*Id.*, ¶¶ 18-25.) Because the undersigned agrees with the Plaintiff with regard to the amount in controversy, the undersigned need not address the parties' arguments with respect to fraudulent joinder.

*Amount in Controversy*

"If a plaintiff makes 'an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement.'" *Roe v. Michelin North America, Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (quoting *Tapscott*, 77 F.3d at 1357).[1] In an effort to meet its burden the removing defendant may present additional evidence, including evidence of settlement demands, to establish that the

---

[1] Sears and the Plaintiff agree that a specified amount of damages is not included in the complaint and, thus, that preponderance of the evidence is the applicable burden of proof. (*See* doc. 1 at 5; doc. 10, ¶¶ 19-20; doc. 13 at 3-4.)

5

amount in controversy exceeds $75,000. *See Roe*, 613 F.3d at 1061 ("In some cases, [the removing defendant's] burden requires [it] to provide additional evidence demonstrating that removal is proper." (footnote and citation omitted)); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994) (considering the plaintiff's settlement demands before deciding whether the removing defendant established that the amount in controversy satisfied the jurisdictional requirements); *Land Clearing Co. v. Navistar, Inc.*, Civil Action No. 11-0645-WS-M, 2012 WL 206171, at *2 (S.D. Ala. Jan. 24, 2012) (same); *Benandi v. Mediacom Southeast, LLC,* Civil Action No. 11-00498-CG-N, 2011 WL 5077403, at *2-4 (S.D. Ala. Sept. 30, 2011) (same); *Jackson v. Select Portfolio Serv., Inc.*, 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009) (same). The amount requested in a settlement demand does not determine whether the amount in controversy exceeds $75,000, but "it counts for something." *Burns*, 31 F.3d at 1097. This Court has commented that "[s]ettlement offers commonly reflect puffing and posturing, and such a settlement offer is entitled to little weight in measuring the preponderance of the evidence." *Jackson*, 651 F. Supp. 2d at 1281 (citing *Hall v. CSX Transportation, Inc.*, No. 3:06-CV-37-WKW, 2006 WL 3313682 at *3 n.5 (M.D. Ala. Nov. 14, 2006); *Jackson v. American General Financial Services, Inc.*, No. Civ.A.7:06CV19 (HL), 2006 WL 839092 at *2 n.2 (M.D. Ga. March 27, 2006); *Golden v. Dodge-Markham Co.*, 1 F. Supp. 2d 1360, 1364-65 (M.D. Fla. 1998); *Standridge v. Wal-Mart Stores, Inc.*, 945 F. Supp. 252, 256-57 (N.D. Ga. 1996)). "On the other hand, settlement offers that provide 'specific information . . . to support [the plaintiff's] claim for damages' suggest the plaintiff is 'offering a reasonable assessment of the value of [his] claim' and are entitled to more weight." *Id.* (citing *Golden Apple Management Co. v. Geac Computers, Inc.*, 990 F. Supp. 1368 (M.D. Ala. 1998)).

Additionally, because Sears filed its Notice of Removal within thirty days of receiving the Plaintiff's initial pleading in this matter, Sears' Notice of Removal is

brought pursuant to Section 1446(b)(1), (doc. 1, ¶¶ 2-3), and the Eleventh Circuit's decision in *Roe* further guides the undersigned's analysis. *See Roe*, 613 F.3d at 1061 (distinguishing between Section 1446(b) first-paragraph cases and second-paragraph cases).[2] In *Roe*, the Eleventh Circuit instructed:

> Eleventh Circuit precedent permits district courts to make "reasonable deductions, reasonable inferences, or other reasonable extrapolations" from the pleadings to determine whether it is facially apparent that a case is removable. *See* [*Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010)]. Put simply, a district court need not "suspend reality or shelve common sense in determining whether the face of a complaint . . . establishes the jurisdictional amount." *See id.* at 770 (quoting *Roe v. Michelin N. Am., Inc.*, 637 F. Supp. 2d 995, 999 (M.D. Ala. 2009)); *see also Williams*[ *v. Best Buy Co., Inc.*], 269 F.3d [1316,] 1319 (11th Cir. 2001) (allowing district courts to consider whether it is "facially apparent" from a complaint that the amount in controversy is met). Instead, courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements.

*Id.* at 1061-62 (footnote omitted).

Here, damages are not specified in the Plaintiff's Complaint. (*See* doc. 1-1.) The Plaintiff merely demands "general compensatory and punitive damages in excess of the

---

[2] Congress, through § 1446(b), has established a "bifurcated removal approach," *Lee v. Lilly Trucking of Va., Inc.*, No. 2:12–cv–74–MEF, 2012 WL 960989, at *1 (M.D. Ala. Mar. 21, 2012), under which

> a state court defendant may remove a case to federal court at two procedurally distinct moments in time. First, if it is facially apparent from the initial pleading that subject matter jurisdiction exists, § 1446(b)(1) provides the procedure for removal. *See, e.g., Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010); *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001). Such a removal must be accomplished "within 30 days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action is based . . . ." § 1446(b)(1). However, "[i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . ." § 1446(b)(3); *see also Lowery v. Ala. Power Co.*, 483 F.3d 1184 (11th Cir. 2007).

*Id.*

7

jurisdictional limits of this Court plus interest and costs." (*Id.* at 4, 6.) The Complaint was filed in the Circuit Court of Mobile County, Alabama, which has jurisdiction over civil matters where the amount in controversy exceeds $3,000.00. Ala. Code § 12-11-30(1). Thus, the Plaintiff's explicit request for damages in her Complaint clearly fails to establish that the amount in controversy exceeds $75,000, and Sears must prove by a preponderance of the evidence that the amount in controversy meets the jurisdictional threshold.

Sears argues that it can meet its burden by pointing to the injuries alleged by Plaintiff in her Complaint and the assertions in her settlement demand. The Plaintiff alleges in her Complaint that, as a result of her fall, she sprained her ankle, developed right leg deep thrombosis and a pulmonary embolism. (Doc. 1-1, ¶¶ 10, 17.) She also alleges that her injuries are permanent; that she has suffered, and will continue to suffer, physical pain and mental anguish; and that she has incurred, and will continue to incur medical bills and expenses. (*Id.*) The Plaintiff's Complaint, however, does not include specific facts that develop her medical course and explain the severity of her pulmonary embolism and the extent of her ongoing injuries and medical treatment. (*See id.*) Thus, the undersigned has concluded that the allegations of injury do not provide the Court with sufficient information to determine that the Plaintiff's injuries are so serious and extensive that the amount in controversy exceeds $75,000.00. *See Williams v. Best Buy Co.*, 269 F.3d 1316, 1318, 1320 (11th Cir. 2001) (finding that it was not facially apparent from the complaint that the amount in controversy exceeded $75,000 even though the plaintiff alleged that, as a result of her fall outside the defendant's store, the plaintiff suffered "permanent physical and mental injuries, . . . incurred substantial medical expenses, suffered lost wages, [] experienced a diminished earning capacity . . . [and] will continue to experience each of [her] losses for an indefinite time

into the future"); *Lambeth v. Peterbilt Motors Co.*, Civil Action No. 12-0169-WS-N, 2012 WL 1712692, at *3 ("While the back injury is characterized as 'serious,' nothing in the Complaint elaborates on the nature or severity of that injury, or otherwise lends substance or meaning to it. We simply do not know—or have any basis for inferring from the pleadings—anything about how severe, permanent, debilitating or painful the injury might be; how extensive, costly, or traumatic the course of treatment was, is or might be; or whether and to what extent the injury did, does or will constrain [the plaintiff's] work or life activities."); *Hill v. Toys "R" Us, Inc.*, Civil Action No. 10-0404-WS-B, 2010 WL 3834532, at *1 (S.D. Ala. Sept. 24, 2010) (remanding case to state court for failure to prove the amount in controversy where the plaintiff alleged that she suffered back, neck, arm and head injuries; that she has experienced and continues to experience pain and suffering, emotional distress, and mental anguish; and that she has incurred ongoing medical expenses).

The undersigned now turns to the Plaintiff's settlement demand letter to determine whether the information provided in that letter establishes that the amount in controversy exceeds $75,000. In her demand letter, the Plaintiff stated as follows regarding her injury and her demand:

> [Plaintiff] sprained her ankle [as a result of] the fall. Unfortunately, she would soon develop a pulmonary embolism requiring a six (6) day hospitalization, which Dr. Pace clearly stated was caused by the initial ankle trauma. Upon her release from the hospital, [Plaintiff] was instructed on performing injections to herself to help treat the blood clot. As a result of same, she developed large, dark bruises which concerned her to the point she sought help at the ER a day or so after her release.
>
> All of [Plaintiff's] medical treatment is related and still currently owed in full, including a lien of $14,265.30 filed by Springhill Memorial Hospital. Between all of the medical bills incurred, lost wages and tuition, damages total $24,305.68.
>
> Based on the clear nature of the liability, the extent and severity of the injuries, associated pain and suffering as well as the mental anguish of

>such a life or death complication, I'm authorized to demand $115,000, for a full and final release of [Plaintiff's] claims against the Defendants in this matter.

(Doc. 1-3 at 2.) Significantly, the demand letter includes a figure for specific damages in the amount of $24,305.68—$14,265.30 in medical bills, plus $10,040.38 in lost wages and tuition. (*Id.*; *see* doc. 10, ¶ 22.) Thus, the undersigned must determine whether the additional damages asserted amount to more than $50,694.32.

With regard to the pulmonary embolism, the Plaintiff indicated that it was serious enough to require a six-day hospital stay and that her treatment included injections. (Doc. 1-3 at 2.) However, the Plaintiff did not provide additional details regarding the severity of the pulmonary embolism or the treatment she underwent during her hospital stay. (*Id.*) She stated that she "sought help" from the hospital emergency room after her release, but she did not provide any information regarding the treatment she received. (*Id.*) She also provided no details regarding her sprained ankle or her deep vein thrombosis. (*Id.*) Notably, the Plaintiff did not assert that any of her injuries were permanent, persistent or ongoing in any way. (*Id.*) Based on the information in the demand letter, the undersigned could conclude that the Plaintiff's injuries have resolved, and that she will no longer incur any medical expenses or lost wages attributable to the injury in question.

Although the Plaintiff demanded payment of $115,000 to settle this matter, the demand figure does not determine the amount in controversy. *Burns*, 31 F.3d at 1097. The undersigned recognizes that the settlement demand is entitled to some weight when measuring the preponderance of the evidence. *Compare Jackson*, 651 F. Supp. 2d at 1281 (assigning little weight to a largely unsupported demand of $155,000 and construing the demand as posturing for negotiation purposes), *with Benandi*, 2011 WL 5077403, at *3 (giving more weight to settlement demand letter where the plaintiff

stated that his condition had not improved and provided specific details regarding his medical treatment, including an upcoming surgery, recommended by his treating physician, and the estimated cost of the surgery and post-surgical treatment), *and Golden Apple Management Co. v. Geac Computers, Inc.*, 990 F. Supp. 1368 (M.D. Ala. 1998) (giving more weight to plaintiff's settlement demand where the plaintiff's letter included specific details such as the statement that damages included "software costs, consultant costs and personnel costs which amount to $105,432"). However, based on the information provided in the Plaintiff's demand letter, the undersigned does not find that the $115,000 demand warrants significant weight. The $14,265.30 in medical bills and $10,040.38 in lost wages and tuition are the only itemized damages provided. (*See* doc. 1-3 at 2.) The Plaintiff bases the remaining $90,694.32 of her demand on "the extent and severity of the injuries, associated pain and suffering as well as the mental anguish of such a life or death complication." (*Id.*) As stated above, the extent and severity of Plaintiff's injuries is unclear based on the few details provided by the Plaintiff in her Complaint and demand letter. Furthermore, the Plaintiff's allegations of mental anguish are too vague and speculative for the undersigned to find that the Plaintiff's demand is a reasonable assessment of the value of her claim. *See Mustafa v. Market Street Mortgage Corp.*, 840 F. Supp. 2d 1287, 1291 (M.D. Ala. 2012) (concluding that the Court could not make a non-speculative estimate of the value of the plaintiff's mental anguish claim); *Goodin v. Fidelity Nat'l Title Ins. Co.*, No. 3:11–cv–149–J–32JRK, 2012 WL 473913, at *3 (M.D. Fla. Feb. 14, 2012) (finding that "[plaintiff's] allegations of 'mental anguish and stress' are impermissibly vague"). The undersigned concludes that, while the Plaintiff's demand letter includes specific figures for the Plaintiff's medical bills and Plaintiff's total special damages, it most likely is an attempt at posturing for purposes of

settlement negotiations.[3]

The July 12, 2013 report from the Plaintiff's treating physician, Eddie Pace, M.D., provides additional evidence that the Plaintiff's injuries have not persisted. (Doc. 10-1.)[4] Dr. Pace stated that the Plaintiff has fully recovered from her injury and that she will not require any further care or treatment. (Doc. 10-1.) He also stated that he "[does] not see any potential long term sequela for [Plaintiff] related to her fall injury." (*Id.*) Sears did not object to Dr. Pace's report, question his opinions, or provide any contravening evidence demonstrating that the Plaintiff's injuries have persisted. (*See* doc. 13.)

When taking into account the allegations in the Complaint, the information provided in the Plaintiff's demand letter, and the information in Dr. Pace's letter, the undersigned finds that Sears has not proven by a preponderance of the evidence that the amount in controversy exceeds $75,000. The undersigned can reasonably conclude from the evidence presented that the Plaintiff suffered a sprained ankle, resulting in deep vein thrombosis and a pulmonary embolism. The Plaintiff also apparently underwent six days of treatment for her injuries, resulting in $14,265.30 in medical expenses. However, the evidence does not establish that the Plaintiff's injuries persisted in any way or required any significant treatment beyond the injections described in the demand letter. As such, when employing the undersigned's judicial

---

[3] This conclusion is further supported by Plaintiff's statement in her Motion to Remand that "[t]he demand was made as a bare-bones attempt to stake out ground for the purpose of anticipated settlement negotiations." (Doc. 10, ¶ 24.) The undersigned notes that Sears has not objected to Plaintiff's statement in her Motion to Remand regarding the purpose of her settlement demand. (*See* doc. 13.) Furthermore, while the undersigned does not rely on Plaintiff's statement to reach the conclusion that Plaintiff's settlement demand constituted posturing, the undersigned notes that it is permissible for the Court to consider post-removal clarifications of the amount in controversy, such as the Plaintiff's statements in its Motion to Remand. *See Jackson*, 651 F. Supp. 2d at 1282.

[4] Dr. Pace's report constitutes pre-removal evidence properly considered by the Court in conjunction with a motion to remand. *See Sierminski v. Transouth Financial Corp.*, 216 F.3d 945, 948-49 (11th Cir. 2000).

experience and common sense, the undersigned cannot conclude that the Plaintiff's compensatory and punitive damages amount to more than $50,694.32 beyond the $24,305.68 in special damages asserted by the Plaintiff. *Compare McCoy v. The Kroger Co.*, Civil Action No. 5:13-CV-393 (MTT), 2013 WL 6584273, at *2 (M.D. Ga. Dec. 16, 2013) (remanding case where plaintiff incurred $12,110.89 in medical expenses for injuries resulting from a slip and fall, plaintiff demanded $125,000 to settle the matter, but her pain had decreased substantially and there was no indication of further treatment), *with Henderson v. Dollar General Corp.*, Civil Action No. 07-0799-CG-M, 2009 WL 959560, at *1-4 (S.D. Ala. April 7, 2009) (finding that the amount in controversy requirement had been met where the plaintiff's slip and fall injury resulted in $57,328 in medical bills and $9,000 in lost earnings, and the defendant presented deposition testimony in which the plaintiff testified that her knee injury required two surgeries, that she continued to suffer from pain related to the bulging disks in her neck and back and that she continued to see her doctor regularly for treatment).

Sears argues that, even if the Plaintiff's compensatory damages do not exceed $75,000, when the Plaintiff's punitive damages claim is considered, "it is clear that the jurisdictional requirement for removal has been met." (*See* doc. 13 at 6.) The undersigned disagrees. While punitive damages claims should be considered when evaluating whether the value of a case exceeds $75,000, "there is nothing talismanic about such a demand that would *per se* satisfy the amount-in-controversy requirement and trigger federal subject-matter jurisdiction." *Lambeth*, 2012 WL 1712692, at *4. Here, the undersigned cannot estimate the value of the Plaintiff's punitive damages claims without engaging in pure speculation.[5] *See Mustafa*, 840 F. Supp. 2d at 1291. It is telling

---

[5] The undersigned recognizes that, in *Blackwell v. Great American Financial Resources, Inc.*, the Northern District of Alabama found that, where the plaintiff alleged

13

that, in the Plaintiff's demand letter, she did not attempt to bolster her punitive damages claim or refer to it in any way. (*See* doc. 1-3.) Had her punitive damages claim constituted a significant part of her damages, she likely would have mentioned it. Moreover, Sears has not placed a value on the punitive damages claim or presented evidence to aid the Court in determining the value of such a claim. (*See* doc. 1; doc. 13.)

---

$23,172.28 in compensatory damages, "a punitive award of slightly more than double the compensatory damages claim would occasion an amount in controversy that exceeds the jurisdictional minimum. Such an amount for punitive damages is uncontroversially within the limits of the Due Process Clause." 620 F. Supp. 2d 1289, 1291 (N.D. Ala. 2009) (citations omitted). Accordingly, that court concluded that the punitive damages claims in that case established the jurisdictional requirements with regard to the amount in controversy. *Id.* at 1291-92.

However, the undersigned declines to follow the reasoning in *Blackwell* and, instead, follows the reasoning of the Middle District of Alabama in *Mustafa*, where it declined to apply a multiplier to the plaintiff's $19,444.33 in compensatory damages when evaluating the plaintiff's mental anguish and punitive damages claims. *Mustafa*, 840 F. Supp. 2d at 1291-92. In *Mustafa*, the Middle District considered the analysis in *Blackwell*, but determined that it would be inappropriate for the court to evaluate punitive damages claims by applying multipliers to compensatory damages claims. *Id.* The Middle District stated as follows:

> This Court finds *Blackwell* unpersuasive, however, for it fails to put the burden of proof on the removing party, ignores established precedent, and undermines the foundational principle that a federal court should construe its removal jurisdiction narrowly. First, applying a single digit multiplier sufficiently high to satisfy the amount-in-controversy requirement, without more, assumes away the removing party's burden to prove the propriety of removal by a preponderance of the evidence. Second, it also ignores the Eleventh Circuit's command in *Lowery v. Alabama Power Company* to look at the facts supporting a damages assertion, because "the existence of jurisdiction should not be divined by looking to the stars." 483 F.3d 1184 (11th Cir. 2007). Woodenly applying a single digit multiple of the compensatory damages claimed, without a non-speculative reason to believe the jury would come back with such an award, violates *Lowery's* explicit commands and is not a reasonable extrapolation from the pleadings under *Roe*. Third, assuming a punitive damages award of up to nine times compensatory damages (likely the highest multiplier that comports with due process) ignores the principle that courts should construe the remand statutes narrowly so as to resolve jurisdictional uncertainties in favor of remand. *Burns v. Windsor Ins., Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Furthermore, using a multiplier, without more, would trigger grave federalism concerns: cases with compensatory damages of just $8,333.33 could begin finding their way into federal court, thus usurping the States' jurisdiction over all but the smallest claims.

*Id.* Like the court in *Mustafa*, the undersigned declines to evaluate the Plaintiff's punitive damages claim by applying a multiplier to the Plaintiff's compensatory damages. Sears did not propose that the Court apply a multiplier, and such a maneuver would be particularly speculative based on the evidence presented in this case.

As such, the undersigned finds that, with regard to the punitive damages claim, and in combination with Plaintiff's other claims, Sears has failed to establish that the amount in controversy exceeds $75,000.

## Conclusion

*Roe*'s direction to use "judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements[,]" 613 F.3d at 1062, is not an invitation to speculate as to amount in controversy. Keeping in mind the narrow construction afforded the removal statute, Sears must carry its burden to prove that the value of Plaintiff's case more likely than not exceeds $75,000. Sears has failed to carry that burden. Accordingly, after careful consideration of the parties' briefing and the pleadings, and for the reasons set forth above, it is hereby **ORDERED** that the Motion to Remand (doc. 10) be **GRANTED** and that this matter be **REMANDED** to the Circuit Court of Mobile County, Alabama.

**DONE** and **ORDERED** this the 7th day of March 2014.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**